UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


DUANE LEE BEAUCHAINE, JR.,

    Plaintiff,

v.               Case No. 2:13-cv-358
                HON. TIMOTHY P. GREELEY

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/


### OPINION

    In April of 2005, Plaintiff Duane Lee Beauchaine, Jr., filed an application for a period of disability and disability insurance benefits, alleging that he had become disabled in March of 2004.  In June of 2007, an Administrative Law Judge (ALJ) issued a decision finding that Plaintiff suffered from severe impairments, specifically degenerative disc disease of the lumbar spine.  *See* Administrative Record at pages 127-134 (hereinafter "Tr. at ___).  The ALJ found that Plaintiff was capable of performing sedentary work and was thus not disabled.  On December 8, 2008, Plaintiff refiled a Title II application, seeking benefits for disability alleging that he had become disabled on March 30, 2004.  In a decision issued April 29, 2011, an ALJ found that Plaintiff suffered from "severe impairments:  low back pain with status post lumbar fusion, aggravated by obesity, status post right tibia-fibula fracture with mild arthritis of the knees, a history of alcohol abuse and an affective disorder."  Tr. at 154.  The ALJ found that given Plaintiff's condition, Plaintiff was capable of performing sedentary work which was limited to simple unskilled work that involved only occasional interaction with coworkers/supervisors.  Tr. at 155.  Accordingly, the ALJ concluded that Plaintiff was not disabled.  Plaintiff appealed this decision to the Appeals Council.  On August 26,

2011, the Appeals Council issued an order "Remanding Case to Administrative Law Judge."  Tr.
at 162-64.  Another hearing was held before an ALJ in July of 2012 and on September 26, 2012, the
ALJ issued a decision, on remand, again finding that Plaintiff was not disabled.  Tr. at 17-37.
Plaintiff again appealed to the Appeals Council, which denied his request for review on October 29,
2013, leaving the ALJ's September 26, 2012, decision the final decision of the Commissioner.  Tr.
at 2-4.  Plaintiff then filed this action seeking review of the Commissioner's denial of benefits.

Plaintiff was instructed by this Court to file a brief setting forth the specific errors
of fact or law upon which he relied in seeking reversal or remand.  This Court's order required
Plaintiff to identify his allegations of error with support by citation to the administrative record.  *See*
Notice to the Parties Regarding Consent and Filing of Briefs, Docket #10.  Plaintiff filed a one-
paragraph brief in support of his request for reversal of the decision of the Commissioner of Social
Security, explaining:

> I've been fighting for social security disability for a long time.  I am
> 100% disabled according to the federal government yet I continue
> this battle for SSD.  All my records have been in the hands of the
> social security administration for the past 7+ years.  So as far as
> having to summarize the stack of paperwork, I am asking that you
> refer to all the documents, including but not limited to my doctors,
> physical and mental health wise.  All this paperwork provides proof
> that I meet the qualifications for SSD.

Plaintiff's Summary Brief, Docket #14.

It is certainly understandable why Plaintiff is frustrated with the decision of the
Commissioner denying him social security benefits.  This case has traveled a tortured course.  There
are three ALJ decisions finding Plaintiff not disabled.  The Appeals Council remanded the second
ALJ decision, finding errors in the decision.  It is undisputed that Plaintiff suffers from severe
impairments which significantly limit his ability to engage in substantial gainful employment.  These

physical impairments are compounded by Plaintiff's significant drinking problem, Tr. at 66-67, and Plaintiff's mental impairments. Furthermore, it must be particularly hard for a person in Plaintiff's position to understand why the federal government, the Veteran's Administration, would find him disabled, and the federal government, the Social Security Administration, would find him not disabled.

Plaintiff has my sympathies. Plaintiff suffers from severe impairments and undoubtedly it would be very difficult for Plaintiff to hold a job. In addition, it may appear nonsensical that the Veteran's Administration would tell Plaintiff that he is disabled, and the Social Security Administration would tell Plaintiff that he is not disabled. It is not this Court's role, however, to review the record and make a determination as to whether or not Plaintiff is entitled to disability benefits. The Social Security Act authorizes judicial review of the Commissioner's final decision and the law clearly establishes that the Commissioner's decision shall be conclusive if supported by substantial evidence. *See Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986). It has been explained that substantial evidence is such relevant evidence as a reasonable person might find adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's decision is not subject to reversal where there is evidence which would support a different conclusion and there is a "zone of choice" within which the Commissioner can act without fear of interference by the courts. *See Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Having reviewed the Administrative Record in this matter, I conclude there is substantial evidence to support the Commissioner's decision.

Plaintiff is capable of cooking his own meals, vacuuming, doing dishes and driving. Tr. at 68-69. The ALJ properly considered the medical evidence of record, including reports from Dr. Miller, Dr. Holmes, Dr. Marshall and Dr. Rizzo. The third decision by the ALJ in this case

adequately sets forth substantial evidence which supports the Commissioner's decision. Little would be gained by further discussion, particularly in light of Plaintiff's failure to identify any specific errors.

Accordingly, the decision of the Commissioner of Social Security is AFFIRMED.


 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  February 24, 2015